UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-383-RJC

| | |
|---|---|
| CHARLES WILLINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| BUNCOMBE COUNTY CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), under 28 U.S.C. §§ 1915A and 1915(e), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP"), (Doc. No. 3).

**I.    BACKGROUND AND FACTS**

Pro se Plaintiff Charles Willingham filed the Complaint in this action on November 28, 2012, naming as the sole Defendant the "Buncombe County Detention Center."[1]  (Doc. No. 1). In Plaintiff's action, filed pursuant to 42 U.S.C. § 1983, Plaintiff complains that staff at the Detention Center do not have a medical license to run the medical department and that they have no training to treat a diabetic inmate, and that the Detention Center does not follow prison policy or federal law regarding tobacco products, religious exercise, and accommodations for inmates with physical disabilities.  (Doc. No. 1 at 1-4).  Plaintiff does not allege any facts showing how he was personally injured by the Detention Center's policy violations and/or violations of federal

---

[1]  The Court does not reach the merits of Plaintiff's claims, but the Court observes that the "Buncombe County Detention Center" is not an entity legally capable of being sued.

law.

## II. STANDARD OF REVIEW

Federal courts may allow a litigant to prosecute a civil action without paying the usual required fees if the individual submits an affidavit containing a statement of his assets and demonstrating that he cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his poverty, afford to pay for costs of litigation and still provide for the necessities of life. Id.

However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). See Justice v. Granville Cnty. Bd. of Educ., Nos. 5:10-cv-539B-R, 5:11-cv-99-BR, 5:11-cv-400-BR, 5:11-cv-706-BR, 2012 WL 1801949, at *4 (E.D.N.C. May 17, 2012); Staten v. Tekelec, Nos. 5:09-cv-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); Berry v. Locke, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), appeal dismissed, 357 F. App'x 513 (4th Cir. 2009) (unpublished). The Court notes further that the paragraph above the signature line on Plaintiff's IFP application states, in pertinent part: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims." (Doc. No. 3 at 1).

### III. DISCUSSION

Plaintiff submitted an application for IFP status along with the Complaint. In the application, Plaintiff has asserted, under penalty of perjury, that within the past twelve months, his average monthly income has been the following: $196 million from his employment; $358 million from income from real property; $281,000.00 from interest and dividends; $61.2 trillion from retirement accounts; $1,185.00 in disability payments; $29,600 in unemployment payments; $390.00 in public assistance; and an unintelligible amount from other sources. (Doc. No. 3 at 1-2).

The outrageous sums of money that Plaintiff has submitted as his income simply defy plausibility. Plaintiff has given similarly incredible amounts with regard to assets owned by him and money owed to him. For instance, Plaintiff declares that "IRA" owes him $17.3 million per year, that a second entity whose name is unintelligible owes him $22 million per year, and that Sears, Walmart, Lowes, and Kmart all owe him $3.4 million per year. (Id. at 3). He also states that his home is valued at $985,000.00, and that he owns additional real estate valued at $61.9 trillion. (Id.). Again, these outrageous sums demonstrate that Plaintiff is attempting to make a mockery of the Court's process for determining whether a person qualifies for indigent status. Given that Plaintiff has made such blatantly false statements in his IFP application, the Court will dismiss this action.

As to whether the dismissal is with or without prejudice, courts have stated that dismissal with prejudice is appropriate "only when the applicant intentionally misrepresented his or her financial condition, acted in bad faith, and/or engaged in manipulative tactics or litigiousness." Justice, 2012 WL 1801949, at *4. Here, given the ludicrous financial amounts that Plaintiff has asserted in his IFP application, Plaintiff's allegations regarding his income were clearly made in

bad faith. Therefore, the Court will dismiss this action with prejudice. If Plaintiff continues to make false statements to this Court in future pleadings, the Court will not hesitate to refer this matter to the United States Attorney for the Western District of North Carolina for a determination of whether criminal prosecution of Plaintiff for perjury is appropriate.

## IV. CONCLUSION

Because the Court finds that Plaintiff has made intentional false statements in his IFP application, the Court will dismiss this action with prejudice.

**IT IS THEREFORE ORDERED** that

1. This action is **DISMISSED** with prejudice.

2. The Clerk is instructed to terminate this case.

Signed: January 15, 2013

Robert J. Conrad, Jr.
Chief United States District Judge